## IN THE UNITED STATES DISTRICT COURT
### FOR THE ___EASTERN___ DISTRICT OF TEXAS
### ___BEAUMONT___ DIVISION

VERNON RAY STIFF  33655-177
_____
Plaintiff's Name and ID Number

Low Security Correctional Institution Butner
_____
Place of Confinement

CASE NO. *125 CV 260*

DR. SREEDHAR POLAVARAPU, MD. (MEDICAL DOCTOR);
TRAVIS FREEMAN, LVN., NURSE;
RONALD DENHAM, LVN., NURSE;
A. LYND, LVN., NURSE;
L. CARSON, LVN., /IDC., NURSE
LIEUTENANT (DOE);
UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS;
WARDEN A. THOMAS, III, FCC BEAUMONT;
MR. CLINTON SONNIER, MEDICAL DIRECTOR, FCC BEAUMONT;
WELLPATH LLC/MEDICAL LEAGUE CONCEPTS INC.
     Defendant(s)

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form**.

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

# FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? \_\_\_YES XX NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit:_____

        2. Parties to previous lawsuit:

            Plaintiff(s)_____

            Defendant(s)_____

        3. Court: (If federal, name the district; if state, name the county.)_____

        4. Cause number:_____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition:_____

II.     PLACE OF PRESENT CONFINEMENT: Low Security Correctional Institution Butner, NC
               PO Box 999 Butner, NC 27509

III.     EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    <u>XX</u> YES   ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.     PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Vernon Ray Stiff #33655-177 , Low Security Correctional

Institution, PO Box 999, Butner, NC, 27509

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Dr. Sreedhar Polavarapu, FCC Beaumont, PO Box 26020, Beaumont, TX 77720

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Acted with deliberate indifference to delay or deny emergent medical care during serious Medical need, and falsified records to cover up (See pgs 3a and 3b)

Defendant #2: Travis Freeman, LVN, FCC Beaumont, PO Box 26020 Beaumont, TX, 77720

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Acted with deliberate indifference to delay or deny emergent medical care during serious medical need, and falsified records to cover up (See pg 3c)

Defendant #3: Ronald Denham, LVN, FCC Beaumont Tx, PO Box 26020 Beaumont TX, 77720

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Acted with deliberate indifference to delay or deny emergent medical care during serious medical need, and falsified records to cover up (See pg 3d)

Defendant #4: A. Lynd, NP, FCC Beaumont PO Box 26020 Beaumont TX, 77720

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Acted with deliberate idifference to delay or deny emergent medical care during serious medical need, and falsified records to cover up (See pg 3e)

Defendant #5: L. Carson, LVN, FCC Beaumont, PO Box 26020 Beaumont TX 77720

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Acted with deliberate indifference to delay or deny emergent medical care during serious medical need, and falsified records to cover up. (see pg 3f)

SEE PAGE 3.1 for DEFENDANTS 6 – 9

3

Defendant #6: Lieutenant (Doe), FCC Beaumont, P.O. Box 26020, Beaumont, TX, 77720
Act & Omissions: Defendant acted with deliberate indifference to delay or deny emergent care during serious medical need. (See pg. 3g)

Defendant #9: Mr. A. Thomas III, Warden, FCC Beaumont, Low, P.O. Box 26020, Beaumont, TX 77720
Acts & Omissions: Defendant acted with deliberate indifference to enable, order, omit, ignore, or deny, or delay Plaintiff's serious medical need. (See pg. 3h-i)

Defendant #10: Mr. Clinton Sonnier, Medical Director, FCC Beaumont, P.O. Box 26020, Beaumont, TX 77720
Acts & Omissions: Defendant acted with deliberate indifference to permit, order, delay, deny, falsify during serious medical need. (See pg. 3j-k)

Defendant #11: WELLPATH LLC/League Medical Concepts c/o Lewis Brisbols, 2100 Avenue, Ste. 2000, Dallas, TX 75201
Briefly describe act(s) or omission(s) of this defendant which you claimed harmed you. Acted with deliberate indifference to delay or deny emergent care during a serious medical need, falsified medical records to cover-up. (See pg. 3j)

Defendant #12: Federal Bureau of Prisons, Regional Counsel, 344 Marine Forces Drive, Grand Prairie, TX 75051
Briefly describe act(s) or omission(s) of this defendant which you claimed harmed you. Acted with deliberate indifference to delay or deny emergent care during a serious medical need, falsified medical records to cover-up. (See pg. 3j)

DEFENDANT #1 Dr. Sreedhar Polavarapu, M.D.

In the interest of satisfying "short and concise". Plaintiff refers to "Declaration of Vernon Ray Stiff", for reference to the acts and omission by Defendant, Dr. Sreedhar Polavarapu, Md. The events outlined in Plaintiff's Declaration, that pertain to Dr. Sreedhar Polavarapu, are referenced by Declaration number:

1) Dr. Sreedhar Polavarapu, MD., Defendant, acted with Deliberate indifference by Deliberately and knowingly delayed and denied emergent care on numerous occasions, on a consistent basis, when Plaintiff presented to Defendant, fever, cough, Severe asthma attacks, shortness of breath, sweating (On or about December 20, 2021 to April, 2023)

  Declaration Stiff, # 1, 2, 5, 8, 9, 11, 12, 13, 16, 17, 18, 23, 24, 26, 30, 43, 35, 36, 39, 44, 45, 47, 51, 53, 55, 57, 61, 63, 64, 65, 71, 76, 77, 89, 90, 92, 96, 97, 98-99, 100, 103, 106, 110, 111, 114, 120, 123, 124, 125, 126, 128, 132, 134, 137, 142, 148, 149, 150, 152, 153, 154, 155, 156, 157, 158, 162, 163, 164, 165

2) Defendant acted with Deliberate Indifference by deliberately and knowingly dismissed doctors' prescriptions for "X Hance" and Advair, causing harm by denying a prescribed medication, and substituting it for no medical reason, or peonocological interest.

  Declaration Stiff: # 7, 12, 13, 14, 23, 60, 66, 86, 91, 96, 97, 98-99, 100, 101, 102, 109, 125, 126, 128, 132, 136, 142, 147, 152, 156, 158, 164

3) Defendant acted with deliberate indifference by Deliberately and knowingly dismissed and/or denied COVID testing, despite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis, until on/about April 4, 2023.

  Declaration Stiff: # 7, 12, 14, 16, 71, 73, 76, 77, 86, 92, 106, 123, 124, 125, 126, 131, 132, 134, 143, 152, 162

4) Defendant acted with deliberate indifference by Deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of Plaintiff's complaints of distress, severe asthma attacks, and prescribed nebulizer breathing treatments.

  Declaration Stiff: # 8, 12, 13, 14, 16, 17, 23, 30, 62, 64, 66, 69, 75, 77, 86, 92-93, 96, 97, 98-99, 100, 106, 114, 123, 122, 121, 124, 125, 126, 127, 128, 131, 132, 142, 143, 150, 152, 152, 156, 158, 160, 161, 162, 163

5) Defendant acted with deliberate indifference by Deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff a CAT-Scan every time Plaintiff presented with symptoms.

  4, 7, 8, 14, 16, 17, 23, 29, 30, 34, 63, 64, 66, 70, 77, 84, 85, 86, 87, 89, 90, 92-93, 103, 106, 107, 113, 114, 126, 129, 137, 152, 164

6) Defendant acted with deliberate indifference by Deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff IV/Pick line antibiotic, not oral antibiotic because Plaintiff's lobectomy, and susceptibility to pseudomonas pneumonia made Plaintiff oral-antibiotic resistant, and gave Plaintiff oral antibiotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of treatment.

  Declaration Stiff: # 23, 29, 30, 55, 62, 66, 70, 77, 86, 106, 130

3a

7) Defendant Acted with deliberate indifference by deliberately and knowingly made false claims on Plaintiff's medical records.

Declaration Stiff: # 1, 6, 7, 11, 12, 13, 16, 17, 21, 22, 24, 30, 34, 35, 36, 39, 40, 41, 42, 45, 46, 47, 55, 57, 58, 59, 60, 61, 63, 65, 66, 67, 68, 70, 71, 72, 73, 74, 76, 78, 79, 91, 92-93, 97, 98-99, 101, 106, 109, 110, 111, 113, 114, 115, 117, 117, 118, 119, 120, 120, 121, 122, 123, 125, 126, 127, 128, 131, 132, 133, 134, 135, 138, 139, 140, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 160, 161, 163, 164, 165

8) Defendant Acted with Deliberate indifference by deliberately and knowingly allowing enough conflicting information to remain on Plaintiff's Medical Records, deliberately withholding his duty to correctly report, or correct the report that clearly held erroneous information existed, which resulted in further protracting Plaintiff's injuries, or causing new ones to manifest, causing additional injury and suffering.

Declaration Stiff: # 6, 7, 8, 9, 10, 13, 15, 16, 18, 21, 22, 24, 25, 26, 29, 30, 33, 34, 35, 36, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 52, 53, 56, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 72, 73, 74, 75, 80, 81, 82, 86, 91, 92-93, 97, 98-99, 100, 101, 102, 106, 108, 111, 113, 114, 115, 116, 117, 119, 120, 121, 122, 123, 127, 128, 131, 132, 133, 134, 135, 136, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 152, 151, 154, 155, 156, 157, 159, 161, 163, 165

9) Defendant Deliberately and knowingly manipulated, falsified, omitted or deleted Medical Records, or enabled staff to do so, under his direction in order to mislead or understate Plaintiff's injuries, suffering, complaints, or cries for help in order to worsen his condition, or prolong his suffering.

Declaration Stiff: # 26, 91, 117, 133

10) Defendant Deliberately and knowingly manipulated, tampered with and interfered with Plaintiff's Administrative Remedy Process, for the purpose of delaying or hiding his own courses of actions that were detrimental to Plaintiff's claims of false reporting, omissions, and refusal of emergent medical service, and Defendant's own misleading actions and omissions, thereby creating a situation that furthered Plaintiff's harm by denying Plaintiff injunctive relief, protracting his suffering.

Declaration Stiff: # 26, 22, 80, 82, 83, 90

DEFENDANT #2 Travis Freeman, LVN., FCC Beaumont

In the interest of Satisfying "short and concise", Plaintiff refers to "Declaration of Vernon Ray Stiff," ("Declaration Stiff") for a list of acts and omissions by Defendant Travis Freeman, LVN. the event outlined in Plaintiff's Declaration that pertain to Defendant Freeman, each act or omission is referenced by Declaration number.

1) Defendant Deliberately, and knowingly delayed and denied emergent care, on numerous occasions, on a consistent basis, when Plaintiff presented to Defendant, fever, cough, severe asthma attacks, shortness of breath sweating, on or about December 20, 2021 to April 2023)

   Decl. Stiff: # 1, 5, 8, 12, 18, 38, 44, 46, 47, 48, 49, 50, 51, 57, 61, 63, 64, 70, 71, 76, 77, 87, 88, 92-93, 96, 97, 99, 106, 114, 128, 154, 157, 158, 163

2) Defendant deliberately and knowingly dismissed doctors' prescriptions for X hance and Advair

   Decl. Stiff: # 4, 12, 65, 70, 71, 86, 88, 92-93, 99, 106, 158

3) Defendant acted with Deliberate Indifference by deliberately and knowingly delayed and/or denied COVID testing despite Plaintiff presenting with symptoms numerous times, as early as December 20, 2021, on a continuous basis until April, 2023.

   Decl. Stiff: # 8, 12, 18, 61, 63, 65, 77, 92, 106, 158, 160, 164

4) Defendant acted with Deliberate indifference by deliberately and knowingly omitted or failed to document numerous sick call visits, or visits in distress, leaving the record missing critical evidence of Plaintiff's complaints of distress, severe asthma attacks, COVID-19 symptoms, fever, chills, hemoptysis, and prescribed nebulizer breathing treatments.

   Decl. Stiff: # 8, 12, 18, 38, 47, 49, 50, 57, 61, 63, 64, 65, 67, 70, 71, 75, 76, 77, 87, 88, 92-93, 96, 97, 99, 106, 114, 128, 154, 158, 165

5) Defendant acted with Deliberate Indifference by deliberately and knowingly  dismissed free world Infectious Disease Control Specialist's order to give Plaintiff a CAT-Scan every time Plaintiff presented with symptoms.

   Declaration Stiff: #  5, 18, 63, 65, 85, 85, 87, 88, 106, 163

6) Defendant acted with Deliberate Indifference by deliberately and knowingly dismissed free world Infectious Disease control Specialist's order to give Plaintiff IV/Pick line antibiotic, not oral antibiotic because plaintiff's lobectomy, and susceptibility to Pseudomonas pneumonia made Plaintiff oral-antibiotic resistant, and gave Plaintiff oral antibiotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of treatment.

   Declaration Stiff: #66, 88, 106, 130

7) Defendant acted with Deliberate indifference by deliberately and knowingly made false claims on plaintiff's medical records.

   Declaration Stiff: #  1, 5, 12, 18, 44, 46, 47, 49, 50,,, 57, 61, 63, 65, 67, 71, 76, 77, 92-93, 94-95, 86, 97, 106, 114, 128, 155, 156, 158, 159, 160, 191, 163, 164, 165

8) Defendant acted with Deliberate indifference by deliberately and knowingly allowing enough conflicting information to remain on Plaintiff's Medical Records, deliberately and knowingly withholding his duty to correctly report that clearly erroneous information existed, which resulted in further protracting Plaintiff's injuries, or causing new ones to manifest, causing additional injury and suffering.

   Declaration Stiff: # 49, 50, 51, 69, 114, 128, 159, 160, 162, 163, 165

DEFENDANT #3 Ronald Denham, LVN.

In the interest of satisfying "short and concise", Plaintiff refers to "Declaration of Vernon Ray Stiff", for reference to the acts and omissions by Ronald Denham, LVN. The events outlined in Plaintiff's Declaration, that pertain to Defendant Ronald Denham, are referenced by Declaration number with each act or omission:

1) Mr. Ronald Denham, LVN., Defendant, acted with Deliberate Indifference by Deliberately and knowingly delayed and denied emergent care on numerous occasions, on a consistent basis, when Plaintiff presented to Defendant, fever, cough, Severe asthma attacks, shortness of breath, sweating (On or about December 20, 2021 to April, 2023)

   Declaration Stiff: # 1, 5, 7, 8, 9, 10, 12, 33, 34, 35, 36, 37, 57, 92-93, 106, 122, 123, 124, 125, 126, 127, 128

2) Defendant Ronald Denham, LVN., acted with Deliberate Indifference by Deliberately and knowingly dismissed doctors' prescriptions for "X Hance" and Advair", causing harm by denying a prescribed medication, and substituting it for no medical reason nor penological interest.

   Declaration Stiff: # 5, 57, 106, 124

3) Defendant Ronald Denham, LVN., acted with Deliberate Indifference by deliberately and knowingly dismissed and/or denied COVID testing, despite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis, until on/about April 4, 2023.

   Declaration Stiff: # 7, 8, 9, 10, 12, 57, 106, 124, 125, 126, 127

4) Defendant Ronald Denham, LVN., acted with Deliberate Indifference by deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of Plaintiff's complaints of distress, severe asthma attacks, and prescribed nebulizer breathing treatments.

   Declaration Stiff: # 5, 7, 12, 33, 34, 35, 36, 37, 57, 70, 75, 87, 92-93, 106, 122, 123, 124, 125, 126, 127, 128,

5) Defendant Ronald Denham, LVN., acted with Deliberate Indifference by deliberately and knowingly dismissed free world Infectious Disease Controls Specialist's orders to give Plaintiff a CAT-Scan every time Plaintiff Presented with symptoms.

   Declaration Stiff: # 34, 35, 57, 84, 85, 87, 104, 106, 107, 129

6) Defendant Ronald Denham, LVN., acted with Deliberate Indifference by deliberately and knowingly dismissed free world Infectious Disease Controls Specialist's orders to give Plaintiff IV/ Pick line antibiotic, not oral antibiotic because Plaintiff's lobectomy, and susceptibility to pseudomonas Pneumonia made Plaintiff oral-antibiotic resistant, and gave Plaintiff oral antibiotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of treatment.

   Declaration Stiff: # 106, 130

7) Defendant Ronald Denham, LVN., acted with Deliberate indifference by deliberately and knowingly made false claims on Plaintiff's medical records.

   Declaration Stiff: # 1, 12, 33, 34, 35, 36, 37, 57, 70, 106, 122, 123, 124, 156, 126, 127, 128

8) Defendant Ronald Denham, LVN., acted with Deliberate Indifference, by deliberately and knowingly allowing enough conflicting information to remain on Plaintiff's Medical records, deliberately and knowingly withholding his duty to correctly report that clearly erroneous information existed, which resulted in further protracting Plaintiff's injuries, or causing new ones to manifest, causing additional injury and suffering.

   Declaration Stiff: # 33, 35, 92-93, 122, 123, 128

DEFENDANT #4, A. Lynd. NP, FCC Beaumont

In the interest of satisfying "short and concise", Plaintiff refers to "Declaration of Vernon Ray Stiff", for reference to the acts and omissions by Defendant A. Lynd, NP. the events outlined in Plaintiff's Declaration, that pertain to A. Lynd. are referenced by Declaration number:

1) A. Lynd, NP., Defendant, acted with Deliberate Indifference by deliberately and knowingly delayed and denied emergent care on numerous occasions, on a consistent basis, when Plaintiff presented to Defendant, fever, cough, Severe Asthma attacks, shortness of breath, sweating (On or about December 20, 2021 to April, 2023)

   Declaration Stiff: # 1, 5, 7, 8, 9, 13, 14, 15, 16, 18, 29-30, 62, 64, 71, 84, 92-93, 100, 106, 128, 131, 132, 134, 152, 153

2) A. Lynd, NP., defendant, acted with Deliberate Indifference by deliberately and knowingly dismissed doctors' prescriptions for "X Hance" and "Advair", causing harm by denying a prescribed medication, and substituting it for no medical or penological reason.

   Declaration Stiff: # 5, 14, 16, 18, 64, 70, 71, 100, 106

3) Defendant acted with deliberate indifference by deliberately and knowingly dismissed and/or denied COVID testing, despite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis, until on/about April 4, 2023.

   Declaration Stiff: # 7, 8, 9, 15, 16, 18, 64, 92-93, 106, 131, 152

4) Defendant acted with deliberate indifference by deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of Plaintiff's complaints of distress, severe asthma attacks, and prescribed nebulizer breathing treatments.

   Declaration Stiff: # 5, 7, 8, 9, 13, 14, 16, 18, 29-30, 62, 64, 70, 71, 75, 92-93, 100, 106, 115-116, 128, 131, 132, 134, 152

5) Defendant acted with Deliberate indifference by deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff a CAT-Scan every time Plaintiff presented with symptoms.

   Declaration Stiff: # 9, 14, 16, 17, 29-30, 62, 64, 84, 85, 97, 106, 129

6) Defendant acted with Deliberate Indifference by deliberately and knowingly dismissed free world Infectious Disease control Specialist's orders to give Plaintiff IV/Pick Line antibiotic, not oral antibiotic because Plaintiff's lobectomy, and susceptibility to pseudomonas pneumonia made Plaintiff oral-antibiotic resistant, and gave Plaintiff oral antibiotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of treatment.

   Declaration Stiff: # 29, 62, 63, 79, 84, 106, 153

7) Defendant acted with Deliberate Indifference by deliberately and knowingly made false claims on Plaintiff's medical records.

   Declaration Stiff: # 1, 7, 9, 13, 14, 15, 16, 17, 18, 29-30, 64, 67, 70, 71, 79, 92-93, 100, 115-116, 128, 131, 134, 152, 153

8) Defendant acted with deliberate indifference by deliberately and knowingly allowing enough conflicting information to remain on Plaintiff's Medical Records, deliberately withholding her duty to correctly report, or correct the report that clearly held erroneous information existed, which resulted in further protracting Plaintiff's injuries, or causing new ones to manifest, causing additional injury and suffering.

   Declaration Stiff: # 15, 69, 70, 71, 86, 91, 115-116, 128

DEFENDANT #5 L. Carson, LVN., FCC Beaumont

In the interest of satisfying "short and concise". Plaintiff refers to "Declaration of Vernon Ray Stiff" for reference to the acts and omissions by Defendant L. Carson., LVN. The events outlined in Plaintiff's Declaration, that pertain to L. Carson, are referenced by Declaration number:

1) L. Carson LVN., Defendant, acted with deliberate indifference by deliberately and knowingly delayed and denied emergent care on numerous occasions, on a consistent basis, when Plaintiff presented to Defendant, fever, cough, Severe Asthma attacks, shortness of breath, sweating (on or about December 20, 2021 to April, 2023)

   Declaration Stiff: # 1, 5, 18, 56, 57, 64, 67, 70, 71, 75, 91, 92-93, 96, 98, 106, 128, 152

2) L. Carson LVN., Defendant, acted with deliberate indifference by deliberately and knowingly dismissed doctors' prescriptions for "X Hance" and "Advair", causing harm by denying a prescribed medication, and substituting it for no medical or penological reason.

   Declaration Stiff: # 5, 56, 64, 71, 86, 98, 106

3) Defendant acted with deliberate indifference by deliberately and knowingly dismissed and/or denied COVID testing, despite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis, until on/about April 4, 2023.

   Declaration Stiff: # 56, 57, 64, 92-93, 106, 152

4) Defendant acted with deliberate indifference by deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of Plaintiff's complaints of distress, severe asthma attacks, and prescribed nebulizer treatments.

   Declaration Stiff: # 1, 5, 18, 56, 57, 64, 70, 71, 75, 86, 91, 92-93, 96, 98, 106, 128, 152

5) Defendant acted with deliberate indifference by deliberately and knowingly dismissed free world Infectious Disease control Specialist's orders to give Plaintiff a CAT-Scan every time plaintiff presented with symptoms.

   Declaration Stiff: # 57, 71, 84, 87, 104, 106, 129, 152

6) Defendant acted with deliberate indifference by deliberately and knowingly dismissed free world infectious disease control specialist's order to give plaintiff Iv/Pick line antibiotic, not oral antibiotic because Plaintiff's lobectomy, and susceptibility to pseudomonas pneumonia made Plaintiff oral anti biotic resistant, and gave Plaintiff oral anti biotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of the treatment.

   Declaration Stiff: # 86, 106

7)Defendant acted with deliberate indifference by deliberately and knowingly made false claims on Plaintiff's medical records.

   Declaration Stiff: # 1, 5, 18, 56, 57, 64, 67, 70, 71, 91, 92-93, 96, 98, 106

8) Defendant acted with deliberate indifference by deliberately and knowingly allowing enough enough conflicting information to remain on Plaintiff's Medical records, deliberately  and knowingly withholding her duty to correctly report that clearly erroneous information existed, which resulted in further protracting Plaintiff's injuries, or causing new ones to manifest, causing additional injury and suffering.

   Declaration Stiff: # 70, 91, 106, 128

DEFENDANT #6, Lieutenant (doe), FCC Beaumont

In the interest of satisfying "short and concise", Plaintiff refers to "Declaration of Vernon Ray Stiff", for reference to the acts and omissions by Lieutenant (doe). The events outlined in Plaintiff's Declaration, that pertain to Defendant Doe, are referenced by Declaration number with each act and omission:

1) Lieutenant Doe, Defendant, acted with Deliberate indifference by Deliberately and knowingly delayed and denied emergent care on numerous occasions, when Plaintiff presented to Defendant, fever, cough, severe asthma attaks, shortness of breath, sweating, gross hemoptysis, and unconsciousness, on or about January 15, 2023 to March 3, 2023.

   Declaration Stiff: # 38, 39, 40, 41, 42, 43, 45, 47, 48

4) Defendant acted with deliberate indifference by deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of plaintiff's complaints of distress, severe asthma attacks, severe hemoptysis, unconsciousness, shivering, sweating, on or about February 18, 2023, to February 19, 2023.

   Declaration Stiff: # 42, 43, 45, 47, 48

7) Defendant acted with deliberate indifference by deliberately and knowingly made false claims on plaintiff's medical records, reports to staff, and reports to administration on or about February 18, 2023, to February 18, 2023.

   Declaration Stiff: # 42, 43, 45, 47

DEFENDANT #9 Warden Mr. Thomas, FCC Beaumont

In the interest of satisfying "short and concise", Plaintiff refers to "Declaration of Vernon Ray Stiff" for reference to the acts and omissions by Defendant Warden Thomas, FCC Beaumont. The events outlined in Plaintiff's Declaration, all pertain to Defendant, because Defendant was responsible for all actions and omissions while employees and medical personnel were working under the color of their Official Duties.

1) Every action by every BOP employee in the institution, FCC Beaumont Low, and Medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including Plaintiff. Therefore, Every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Defendant's in this action all working under Warden Thomas acted with deliberate indifference by deliberately and knowingly delayed and denied emergent care on numerous occasions, on a consistent basis, when Plaintiff presented to Defendants, fever, cough, severe asthma attacks, shortness of breath, sweating (on or about December 20, 2021 to April, 2023)

2) Every action by every BOP employee in the institution FCC Beaumont Low, and medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including Plaintiff. Therefore, every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Defendants in this action all working under Warden Thomas acted with deliberate indifference by deliberately and knowingly dismissed doctors' prescriptions for " X Hance" and Advair", causing harm by denying a prescribed medication, and submitting it for no medical reason, or penological interest.

3) Every action by every BOP employee in the institution FCC Beaumont Low, and medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including Plaintiff. Therefore, every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Defendants in this action all working under Warden Thomas acted with deliberate indifference by deliberately and knowingly dismissed and/or denied COVID testing, despite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis, until on/about April, 4, 2023.

4) Every action by every BOP employee in the institution FCC Beaumont Low, and medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including Plaintiff. Therefore every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Defendants in this action all working under Warden Thomas acted with deliberate indifference by deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of Plaintiff's complaints or distress, severe asthma attacks, and prescribed nebulizer breathing treatments.

5) Every action by every BOP employee in the institution FCC Beaumont Low, and medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including Plaintiff. Therefore, every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Defendants in this action all working under Warden Thomas acted with deliberate indifference by deliberately and knowingly dismissed free world Infectious Disease Control Specialist's order to give Plaintiff a CAT-Scan every time plaintiff presented with symptoms.

6) Every action by every BOP employee in the institution FCC Beaumont Low, and medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including plaintiff. Therefore, every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Defendants in this action all working under Warden Thomas acted with deliberate indifference by deliberately and knowingly dismissed free world infectious disease control specialist's orders to give Plaintiff IV/Pick line antibiotic, not oral antibiotic because Plaintiff's lobectomy, and susceptibly to pseudomonas pneumonia made Plaintiff oral-antibiotic resistant, and gave Plaintiff oral antibiotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of treatment.

7) Every Action by every BOP employee in the institution FCC Beaumont Low, and medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including plaintiff. Therefore, every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Defendants in this action all working under Warden Thomas acted with deliberate indifference by deliberately and knowingly made false claims on Plaintiff's medical records.

8) Every action by every BOP employee in the institution FCC Beaumont Low, and medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including Plaintiff. Therefore, every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Defendants in this action all working under Warden Thomas acted with deliberate indifference by allowing enough conflicting information to remain on Plaintiff's Medical records, deliberately and knowingly withholding their duties to correctly report, or correct the report that clearly held erroneous information existed, which resulted in further protracting Plaintiff's injuries', or causing new ones to manifest, causing additional injury and suffering.

9) Every action by every BOP employee in the institution FCC Beaumont Low, and medical personnel was known by the warden, or should have been known by the warden, whether by his own knowledge, or the responsibility of the warden to know of any dangers, to any inmate, including Plaintiff. Therefore, every act, omission, by direct knowledge, or indirect, was deliberately ignored, enabled, permitted, or omitted by the warden. Certain Defendants, especially Dr. Polavarapu, in this action all working under Warden Thomas acted with deliberate indifference by deliberately and knowingly manipulated, falsified, omitted or deleted Medical Records, or enabled staff to do so. Under Defendants' direction, in order to understate Plaintiff's injuries, suffering, complaints, or cries for help in order to worsen his condition, or prolong his suffering.

10) While it is the Warden's responsibility to investigate any claims of deliberate, unintentional, unethical, incorrect or illegal acts and omissions, it is even more critical to investigate claims of inadequate actions, or omission when inmate files administrative remedy, and the inmate presents his claim on the remedy, BP-9. Plaintiff has presented multiple complaints regarding acts and omissions above, therefore, Warden is responsible for failing to investigate said claims. The warden falsely, deliberately, and knowingly, denied any claim, additionally, warden acted with deliberate indifference by failing to investigate claims of false reporting, or employee misconduct. Plaintiff has presented all of these iddues to Warden Thomas, through complaints and administrative remedies, to the extent, that Warden Thomas deliberately acted to hide the truth, This caused Plaintiff to protract his injuries.

DEFENDANT #10 Mr. Sonnier, Medical Director, FCC Beaumont

In the interest of satisfying "short and concise", Plaintiff refers to "Declaration of Vernon Ray Stiff", for reference to all of the acts of the Health Services Department, related to Plaintiff's claim of deliberate indifference. Defendant Mr. Sonnier, Medical Director, being at all times, the responsible party for all action, acts, omissions, that occurred, during the time period, on or about August 2021, through, on or about April 15, 2023, the time Plaintiff was housed at FCC Beaumont, Mr. Sonnier was aware of Plaintiff's serious medical emergencies, health care level, regimen of care, and all Health Care related issues surrounding this case.

1) Every act, omission, by every health care personnel named in this Action, were under Defendant, Mr. Sonner's circle of Responsibility. Every act, omission, by direct knowledge, or by indirect, including resolution of Remedy sought by Plaintiff, was either known, should have been known, or was brought to Mr. Sonnier's attention regarding Plaintiff's serious medical condition, his medical needs, his petition for home confinement, petition and need for COVID testing, petition and need for specific care due to Plaintiff's condition, and all known information made available to Mr. Sonnier regarding Plaintiff's medical needs.

2) Defendant, knowingly and deliberately by direct knowledge, or indirect, permitted, enabled, ordered, omitted, or deliberately ignored Plaintiff's serious Medical Need, and acted with deliberate indifference by causing Plaintiff to suffer nearly two years of deliberate acts and omissions by Health Care Staff at FCC Beaumont amounting to life threatening conditions, and injury, in which Defendant was aware, yet permitted, enabled, ordered or deliberately ignored the emergent situation by failing to investigate Plaintiff's claims of improper care, incorrect medication, refusal of care, denial of care, disregard for life, and falsely reporting symptoms, in order to protect staff, or in order for staff to protect their own interest, putting Plaintiff's life in serious peril.

3) Plaintiff filed multiple administrative remedies on every subject within this Action, and Plaintiff requested the Health Care department under Defendant's circle of responsibility, to investigate Plaintiff's claims of denial of care, delay of care, failure to document complaints of symptoms, dismissal of Plaintiff's clear orders by free world Specialists for specialized care, specific regimen of care, and precautionary measures to ensure Plaintiff's life would not be endangered by incorrect care. Instead Defendant knowingly ignored Plaintiff's petitions and complaints, ignored Plaintiff's requests for consultation with Defendant, omitted facts that show Plaintiff's condition was in peril, and placed IN life threatening situations, due to the deliberate acts and omission of Health Care personnel at FCC Beaumont.

4) Defendant knowingly and deliberately allowed, enabled, and ordered Health Care personnel to ignore, omit, delete, deny and delay vital care, which resulted in a cascade of deteriorating conditions, and resulted in injury caused by delays and denials and erroneous care which had no medical reason or penological interest.

5) Every Act and Omission outlined in this Petition, related to FCC Beaumont was the responsibility of Defendant, and could have been avoided, had Defendant put Plaintiff's health care concerns before budget, or culpability (defending health care personnel even when they were acting against ethical and legal standards, causing harm to Plaintiff).

6) Defendant deliberately and knowingly allowed misinformation regarding Plaintiff's health condition, and requirements for specialized care. Defendant, furthermore ignored, deleted, permitted omission of records, and either falsified records on his own, or enabled FCC Beaumont personnel under his direction to do so, and defended their acts and omission in Plaintiff's Administrative Remedies, causing Plaintiff more suffering declining health, life-threatening conditions and to be denied critical care in a timely basis, if at all.

Plaintiff's "Declaration of Vernon Ray Stiff" in it's entirety demonstrated a scheme in which Defendant participated, permitted, or enabled under his direction and knowledge. For these reasons, Defendant is responsible for causing pain and suffering, not necessary for Plaintiff which amounts to Deliberate Indifference.

V.     STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Defendant #1 Dr. Sreedhar Polavarapu, Md, FCC Beaumont,'s Deliberate Indifference to serious medical needs violated Plaintiff's rights and Constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution by:

1) deliberately and knowingly delayed and denied emergent care on numerous occasions, on a consistent basis, when Plaintiff was in serious distress and presented a serious medical need.

2) deliberately and knowingly dismissed free world doctor's prescriptions for XHance and Advair, causing harm by denying a prescribed medication and substituting it for an ineffective one for no medical reason or penological interest.

3) deliberately and knowingly dismissed and/or denied COVID testing, despite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis until, on/about April 4, 2023.

See Memorandum in Support; Declaration of Vernon Ray Stiff

VI.    RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

Compensatory damages of $33,000,000.00 and Punative damages of $7,100,000.00

Injunctive relief to address failures that enabled pattern of constitutional violations. (See Memorandum in support of Complaint)

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Vernon Ray Stiff

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

FRI 948551

VIII.  SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?     ____YES  XX NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division):_____

2.  Case number:_____

3.  Approximate date sanctions were imposed:_____

4.  Have the sanctions been lifted or otherwise satisfied?                          ____YES ____NO

4) deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of plaintiff's complaints of distress, severe asthma attacks, and prescribed nebulizer treatments.

5) deliberately and knowinly dismissed free world Infectious Disease Control Specialist's orders to give plaintiff a CAT-Scan every time Plaintiff presented with symptoms.

6) deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff IV/Pick line antibiotic, not oral antibiotic because Plaintiff's lobectomy, and susceptibility to pseudomonas pneumonia made Plaintiff oral-antibiotic resistant, and gave Plaintiff oral antibiotic treatment, causing plaintiff additional suffering due to the ineffectiveness of treatment.

7) deliberately and knowingly made false claims on Plaintiff's medical records.

8) deliberately and knowingly allowing enough conflicting information to remain on Plaintiff's medical records, deliberately withholding his duty to correctly report, or correct the report that clearly held erroneous information existed, which resulted in further protracting Plaintiff's injuries, or causing new ones to manifest, causing additional injury and suffering, exacerbating the suffering Plaintiff experienced leading up to, during and after serious medical needs arose.

9) deliberately and knowingly manipulated, falsified, omitted or deleted Medical Records, or enabled staff to do so, under his direction in order to mislead or understate plaintiff's injuries, suffering, or complaints, or cries for help in order to worsen his condition, or prolong his suffering.

10) deliberately and knowingly manipulated with and interfered with plaintiff's Administrative Remedy Process, for the purpose of delaying or hiding his own courses of actions that were detrimental to plaintiff's claims of false reporting, omissions, and refusal of emergent medical care, and Defendant's own misleading actions and omissions, thereby creating a situation that furthered Plaintiff's harm by denying Plaintiff injunctive relief, protracting his suffering.

Defendant #2 Travis Freeman, LVN, FCC Beaumont's deliberate indifference to serious medical needs violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution by:

1) deliberately and knowingly delayed and denied emergent care, on numerous occasions, on a consistent basis, when Plaintiff presented to Defendant, fever, cough, severe asthma attacks, shortness of breath, sweating, and severe hemoptysis, causing and protracting multiple life-threatening events.

2) deliberately and knowingly dismissed doctors' prescriptions for XHance and Advair, causing harm by denying a precribed medication and substituing it for no medical or penological interest, creating a serious medical need.

3) deliberately and knowingly dismissed and/or denied COVID testing despite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis, until on/about April 4, 2023.

4) deliberately and knowingly omitted, or failed to document numerous sick calls, visits in distress, leaving the record missing critical evidence of Plaintiff's compplaints of distress, severe asthma attacks, and prescribed nebulizer breathing treatments.

5) deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff a CAT-Scan every time Plaintiff presented with symptoms.

6) deliberately and knowingly dismissed free world Infectious Disease Control Specialist's order to give Plaintiff IV/Pick line antibiotic, not oral antibiotic because Plaintiff's lobectomy, and susceptibity to pseudomonas pneumonia made plaintiff oral antibiotic resistant, and gave Plaintiff oral antibiotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of treatment.

7) deliberately and knowingly made false claims on Plaintiff's medical records.

8) deliberately and knowingly withholding her duty to correctly report, or correct the report that clearly held erroneous information existed, which resulted in further protracting plaintiff's injuries, or causing new new ones to manifest, causing additional injury and suffering.

Defendant #3 Ronald Denham, LVN,'s deliberate indifference to serious medical needs violated Plaintiff's rights and constituted cruel and unusual pinishment under the Eighth Amendment to the United States Constitution by:

1) deliberately and knowingly delayed and denied emergent care on numerous occasious, on a consistent basis, when palintiff presented a serious medical need. (on or about December, 2021, to April 13, 2023)

2) deliberately and knowingly dismissed doctors' precriptions for X Hance and Advair, causing harm by denying a prescribed medication, and substituting it for no medical reason or penological interest.

3) deliberately and knowingly dismissed and/or denied COVID testing despite Plaintiff presenting with symptoms, numerous times, as early as December 2021, on a continuous basis, until on/about April 4, 2023.

4) deliberately and knowingly omitted, or failed to document numerous sick calls, visits in distress, leaving the record missing critical evidence of Plaintiff's serious medical needs, and regular prescribed nebulizer treatments.

5) deliberately and knowingly dismissed free world Infectious Disease control Specialists orders to give Plaintiff a CAT Scan every time Plaintiff presented with symptoms.

6) deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff IV/pick line antibiotic, not oral antibiotic bacuse Plaintiff's lobectomy and susceptibility to pseudomonas pneumonia made plaintiff oral antibiotic resistant, and gave plaintiff oral antibiotic treatment, causing  Plaintiff additional suffering due to the ineffectiveness of treatment.

7) deliberately and knowingly made false claims on Plaintiff's medical records.

Defendant #4 A. Lynd, NP's deliberate Indifference to serious medical needs violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution by:

1) deliberately and knowingly delayed and denied emergent care on numerous occasions, on a consistent basis, when plaintiff presented to Defendant symptoms of serious medical need, on or about December, 2021 to April, 2023.

2) deliberately and knowingly dismissed doctors' prescriptions for XHance and Advair, causing harm by denying a prescribed medication, and substituting it for no medical reason or penological interest, causing occasions of serious medical distress and serious medical need.

3) deliberately and knowingly dismissed and/or denied COVID testing, depite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis, until on/about April 4, 2023, protracting Plaintiff's serious medical distress and serious medical need.

4) deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of Plaintiff's serious medical distress, serious medical need, and critical visits requiring a record of administration.

5) deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff a CAT-Scan every time Plaintiff presented with symptoms.

6) deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff IV/pick line antibiotic because Plaintiff's lobectomy, and susceptibility to pseudomonas pneumonia made Plaintiff oral resistant, and gave Plaintiff oral antibiotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of treatment.

7) deliberately and knowingly made false claims on Plaintiff's medical records.

8) deliberately and knowingly allowing enough conflicting information to remain on Plaintiff's Medical Records, deliberately withholding her duty to correctly report, or correct the report that clearly held erroneous information existed, which resulted in further protracting Plaintiff's injuries, or causing new ones to manifest, causing additional injury and suffering.

Defendant #5 L. Carson's deliberate indifference to serious medical needs violated Plaintiff's rights constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution by:

1) deliberately and knowingly delayed and denied emergent care on numerous occasions, on a consistent basis when plaintiff presented to Defendant with symptoms of serious medical need, on or about December, 2021 to April, 2023.

2) deliberately and knowingly dismissed free world doctor's prescription for X Hance and Advair, causing harm by denying a prescribed medication, and substituting it for no medical reason and no penological interest.

3) deliberately and knowingly dismissed and/or denied COVID testing, despite Plaintiff presenting with symptoms, numerous times, as early as December, 2021, on a continuous basis, until on/about April 4, 2023, protracting Plaintiff's serious medical distress and seious medical need.

4) deliberately and knowingly omitted, or failed to document numerous sick calls, or visits in distress, leaving the record missing critical evidence of Plaintiff's serious medical distress, serious medical needs, and critical visits requiring a record of administration.

5) deliberately and knowingly dismissed free world Infectious Disease Control Specialist's order to give Plaintiff a CAT-Scan every time Plaintiff presented with symptoms.

6) deliberately and knowingly dismissed free world Infectious Disease Control Specialist's orders to give Plaintiff IV/Pick line antibiotic, not oral antibiotic because plaintiff's lobectomy and susceptibility to pseudomonas pneumonia made plaintiff oral antibiotic resistant, and gave plaintiff oral antibiotic treatment, causing Plaintiff additional suffering due to the ineffectiveness of treatment.

7) deliberately and knowingly made false claims on Plaintiff's medical records.

8) deliberately and knowingly allowing enough conflicting information to remain on plaintiff's medical records, deliberately withholding her duty to correctly report, or correct the report that clearly held erroneous information existed, which resulted in further protracting Plaintiff's injuries, or causing new ones to manifest, causing additional injury and suffering.

Defendant # 6 Lieutenant (Doe)'s deliberate indifference to serious medical needs violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution by:

1) deliberately and knowingly delayed and denied emergent care, on numerous occasions, when Plaintiff presented to Defendant a clearly serious medical need, (on or about February 18, 2023 to February 19, 2023)

4) deliberately and knowingly omitted, or failed to document all pertinent facts, truthfully, Plaintiff's distress, during a serious medical need, on or about February 18, 2023, to February 19, 2023, creating a false report of the facts in the events, hindering Plaintiff's ability to be provided appropriate medical care during a life-threatening event, causing plaintiff further injury.

7) deliberately and knowingly made false claims verbally, to plaintiff, during a serious medical need, and false claims in reporting in the Institution's event log, protracting Plaintiff's injuries by attempting covering up Defendant's serious medical needs, and Defendant's lack of emergent response to situation, which protracted the time Plaintiff spent suffered during a life-threatening event.

Defendant # 9 Warden Thomas, FCC Beaumont's deliberate indifference to serious medical needs violated Plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution by:

1) deliberately and knowingly enabled, permitted, or ignored, acts and omissions by Defendant Thomas, and by Staff under Defendant's direction, and knowingly permitted, enabled, omitted, or denied emergent care during Plaintiff's life-threatening event, and serious medical need.

2) deliberately and knowingly ignored, enabled, or permitted staff under Defendant's direction to withhold prescribed medication, and substitute for ineffective medication, which caused plaintiff unnecessary pain and suffering, as well as protracting his serious medical need for no penological reason.

3) deliberately and knowingly permitted, enabled, ordered, staff under his care by intentionally placing Plaintiff's life at risk, and protracting his suffering, which was created by a serious medical need, when Defendant ordered, permitted, allowed, or enabled staff to deny or delay COVID-19 testing when Plaintiff has clearly presented symptoms, and serious medical need.

4) Defendant deliberately or knowingly permitted, ordered, or enabled staff under Defendant's direction to omit, or fail to document numerous sick calls, events of serious medical need, Plaintiff presenting symptoms of distress, and prescribed nebulizer treatments.

5) Defendant deliberately and knowingly permitted, ordered, or enabled staff under Defendant's direction to deny, or delay prescribed CAT-Scan when Plaintiff presented with symptoms, exacerbating plaintiff's suffering, withholding or delaying critical treatment during a clearly serious medical need.

6) Defendant deliberately and knowingly enabled, permitted, ordered staff under Defendant's direction to deny, or delay prescribed IV/Pick line administration of antibiotics, and instead permit, allow, enable, staff under Defendant's direction to substitute a cheaper alternative, oral antibiotic, which was proven ineffective in the past, and in Plaintiff's medical record, which plaintiff endured protracted suffering and infection during a serious medical need, for no medical reason, or penological interest.

7) Defendant deliberately and knowingly allowed, permitted, enabled, ordered, or committed same acts and omissions, by ignoring, permitting, enabling, staff under Defendant's direction to omit, or delete information, manipulate, falsely report, or delete records that stated Plaintiff's serious medical needs, in order to understate Plaintiff's Serious medical needs.

8) Defendant deliberately and knowingly enabled, permitted, ordered, or ignored staff under Defendant's care, or committed these acts on his own, to ignore, and fail to correct misinformation that existed in plaintiff's record, and permitted this misinformation to exist, placing Plaintiff in further harm, by permitting erroneous information to exist on the record, causing a level of care not suitable for plaintiff, and the failure to provide adequate medical care during a life-threatening event, which was a serious medical need.

9) Defendant deliberately and knowingly allowed, enabled, permitted, staff under his direction, or committed the acts and omissions on his own, to deliberately and knowingly manipulate, falsify, delete, or omit Medical Records, to understate Plaintiff's injuries, suffering, complaints, or cries for help, in order to deny or delay care, in order to worsen or protract Plaintiff's suffering, without any medical reason or penological interest.

10) Defendant deliberately and knowingly allowed, enabled, permitted,  staff under his direction, or committed the acts on his own, to manipulate, falsify, omit, delete, delay or deny administrative remedies, which were the Plaintiff's only legal means of injunctive relief, at that time, whereas the Defendants interfered with Plaintiff's administrative remedies, which were submitted for the purpose of obtaining adequate health care, warnings of dangers posed by the staff conduct, and petitions to change the denied or delayed health care, in order to avoid a life-threatening event to happen. And more than once, the Warden's acts and omissions regarding this issue cause additional suffering, due to protracted denials and delays of care, in a serious medical need.

Defendant # 10 Mr. Sonnier, Medical Director, FCC Beaumont's deliberate indifference to serious medical needs violated plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment to the United states Constitution by:

1) deliberately and knowingly enabled, permitted, or ignored acts by Health Care Services personnel under his direction causing Plaintiff to suffer life threatening injury, pain and suffering

2) deliberately and knowingly failed to investigate claims by Plaintiff that Health Care Services personnel had falsified medical records in order to under report Plaintiff's serious medical needs.

3) deliberately and knowingly failed to correct errors Defendant knew existed, which jeopardized Plaintiff's life, by causing Plaintiff to receive injuries by denied, insufficient, substituted, and erroneous care for no medical reason and no penological interest.

4) deliberately and knowingly falsified facts brought to Defendant's attention by Plaintiff, on various occasions, which constituted acts and omissions of deliberate indifference committed either by Defendant or by personnel under his responsibility.

FROM: 33655177
TO:
SUBJECT: Amended Claim
DATE: 09/30/2025 12:00:32 PM

AMENDED CLAIM

(1)

Based upon the aforesaid acts or omissions of defendants outlined in pages 3a through 4d of this complaint defendants conspired to violate and did violate plaintiff's Eighth Amendment Right to be free from Cruel and Unusual punishment contrary to Adickes v. S.H. Kress & Co., 378 U.S. 144 @ 152 (1970); Pinkerton v. USA, 328 U.S. 640 @ 646-47 (1948); and Priester v. Lownders County, 354 F.3d 414 @ 420 (2004 CA5) when:

a. Defendant Polavarapu willfully participated and mutually agreed or acted in joint activity with defendant Clinton Sonnier with deliberate indifference towards Stiff's serious medical needs by not following the duty of care owed to Stiff under BOP Program Statement No. 6031.04 ch. 12 as part of his 14 day medical intake screening and assessment to maintain continuity of care in discontinuing "Advair" a post surgical prescription plaintiff Stiff was prescribed by Plano Medical Center Health Care providers which resulted in plaintiff receiving a Staph infection and emergency hospitalization on 2-19-2023 as the result of being deprived of the Advair without it being replaced with an effective generic equivalent or not at all due to cost concerns of defendant Clinton Sonnier;

b. Defendant Sonnier did willfully participate, utilize, coach, instruct, direct and assist defendant Dr. Polavarapu with manipulating, falsifying and altering plaintiff's medical records resulting in Stiff's emergency hospitalization on 2-19-2023 concerning Stiff's serious medical needs outlined at pages 3a-3b + 3i-3j + 42;

c. Defendant Clinton Sonnier employed, hired, contracted or aided and abetted or continued to employ or utilize the services of League Medical Concepts, Correct Care Solutions, Wellpath, LLC defendants Polavarapu, Ronald Denham, Travis Freeman, A Lynd, & L. Carson, despite knowing that these contractors have been not only parties to over 1400 lawsuits arising out of its provisions of inadequate medical care and failures to properly respond to and treat inmates "conditions" prior and up to the time of this action where Correct Care Solution according to CNN and federal court records reportedly show 100's of settlements and cases involving the untimely death of inmates due to Wellpath staff deliberate indifference towards the serious medical needs of inmates such as the case was on 2-18-2023 where plaintiff Stiff was caused to suffer excessive bleeding, difficulty breathing, acute distress and pulmonary disorders but was denied emergency medical care by defendant Polavarapu who instructed all of his medical staff not to send Stiff to any outside provider for emergency care or procedures;

d. Defendants Denham or Lynd maliciously acted with deliberate indifference towards Stiff's serious medical needs by arbitrarily discontinuing the Advair and withholding the "X Hance" device delivery prescribed to Stiff by Plano Medical Center Providers which led to Stiff's subsequent COVID-19 Staph and bronchial infections together with his 2-19-2023 emergency hospitalizations due to sepsis, pulmonary embolism and other pneumonic complications with his breathing and excessive bleeding;

e. defendant Polavarapu conspired with defendant Sonnier to deprive plaintiff CT-Scan, Diagnostic or other surgical procedure or consult knowing that he tested positive for COVID-19 requiring him to be subjected to a CT-Scan due to his lung lobectomical surgery and history of pseudomonas Pneumonia bacterial infections which led to Stiff's 2-19-2023 emergency hospitalization;

f. defendant Sonnier as a member of the Utilization Review Committee (URC) deliberately refused to request, order or approve of the Advair and X Hance Stiff had been prescribed prior to his arrival into FCI-Beaumont custody and refused to authorize nebulizer breathing treatments for Stiff causing him to experience bleeding inside his lungs or bronchial tubes, drowning sensation, shortness of breath, COPD and emergency hospitalization on 2-19-2023 due to being denied these medically necessary items for more than a year;

g. On 2-19-2023 defendant Polavarapu refused to send plaintiff out for emergency care when told that he was coughing up large amounts of blood, in respiratory distress, feeling light headed, and experiencing chest pains;

h. On 2-18-2023 defendant Doe refused to override defendant's Polavarapu's refusal to send Stiff out to emergency hospital for an independent assessment despite being the sole link between Stiff's life, death, or imminent danger to his health; and

i. defendant Sonnier employed Wellpath, LLC in violation of 42 U.S.C. Section 250 instead of the Public Health Service to supervise and furnish medical treatment and other necessary medical, psychiatric, and related technical and scientific services for inmates in the penal and correctional institutions of the United States located in Beaumont, Texas, and

j. defendant Sonnier failed to secure or verify Stiff's medical history directly with Plano Medical Center Health Care providers upon being provided with copies of those records by inmate Plaintiff Stiff in order to determine their accuracy and to seek guidance from his previous providers as to the path forward in the continuity of Stiff's Serious Medical Care.

(2)

The acts and omissions of defendant United States Department of Justice and its Bureau of Prisons outlined in pages 3-4c violated plaintiff Stiff's right to accurate records pertaining to him to be maintained on him by an agency pursuant to 5 U.S.C. Section 552a(g)(1)(C), (g)(4); 371 F.3d 1304 when:

a. defendant Sonnier acting as an agent for BOP allowed defendant Sreedhar Polavarapu to manipulate, alter or dictate materially false entries into plaintiff's Bureau Electronic Medical Records ("BEMR") then refused to correct or remove the materially false or inaccurate records;

b. defendant Sonnier as an agent for BOP himself aided or abetted, or made false entries into plaintiff Stiff's BEMR then refused to correct or remove the materially false or incorrect records or information;

c. defendant Sonnier as an agent for BOP was placed on notice that defendants L. Carson, Ronald Denham and Travis Freeman had placed inaccurate materially false data in his BEMR relating to sick call, triage and diagnosis intentionally, then failing to maintain accurate records pertaining to his medical conditions resulting in plaintiff requiring emergency hospitalization on 2-18-2023 as the result of that inaccurate medical information, and

d. The BOP, an agency, intentionally fail to maintain accurate records pertaining to plaintiff prison medical file resulting in misdiagnosis, denial of care and emergency hospitalization contrary to 5 U.S.C. Section 552a(g)(1)(D).

(3)

This Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 over the following claims are hereby invoke;

a. Based on the acts and omissions of defendants outlined in the aforementioned pages 3 through 4c Wellpath, it's Dr. Polavarapu and its nurses constituted fraud, misrepresentations, and deliberate indifference towards Stiff's serious medical needs under Allison Eng. Co. v. U.S., ex rel Sanders, 128 S. Ct. 2123 (2008); Tri v. J.T.T., 162 S.W.3d 552 (Tex. 2005); and conspired to commit fraud resulting in deliberate indifference to Stiff's serious medical needs under Texas law according to Lumpkin v. UBS PaneWebber, Inc., 238 F. Supp. 3d 799 @ 817 (S.D. Tex 2017).

b. Based on the acts and omissions of defendant Polavarapu outlined in the aforementioned pages 3a-3b demonstrate that Polavarapu owed Stiff ministerial duty by reason of his contractual obligations to comply with BOP Program Statement Numbers 3420.11, 6031.04 as well as relevant Federal Regulations, however, breached those duties owed by exhibiting conscious indifference towards Stiff's rights, safety or welfare constitution negligence and gross negligence under Texas Law on 2-18-2023 and 2-19-2023 when he was notified by his nursing agents and BOP officers that plaintiff Stiff was coughing up blood, in respiratory distress and presenting with other signs of needing emergency care but refused to send him out for emergency care.

c. Defendants mutually agreed to conspire to do all of the unlawful acts contrary to Texas Civil Tort laws.

I hereby declare that the foregoing claims are true and correct, submitted to the court under penalty of perjury.

_____          _____
Date                                Vernon Ray Stiff
                                    #33655 177
                                    Low Security Correctional Institution
                                    P.O. Box 999
                                    Butner, NC 27309

C.  Has any court ever warned or notified you that sanctions could be imposed?  _____YES xx  NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that issued warning (if federal, give the district and division): _____

    2.  Case number: _____

    3.  Approximate date warning was issued: _____

Executed on: _9- 30-25_
          DATE

                      Vernon Ray Stiff
                      V— N Self
                      (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ____30____ day of __September__ , 20 _25_ .
          (Day)            (month)      (year)

                      Vernon Ray Stiff
                      V— N. Staff
                      (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

Vernon Ray Stiff Reg. No. 33655177                    Case No. 125-CV-260
    Plaintiff,

Low Security Correctional Institution Butner
    Place of Confinementy

v.

Dr. Sreedbar Polavarapu, MD (Medical Doctor);
Travis Freeman, LVN., Nurse;
Ronald Denham, LVN., Nurse;
A. Lynd, LVN., Nurse;
L. Carson, LVN., Nurse;
Lieutenant (Doe);
United States of America;
Federal Bureau of Prisons;
Warden A. Thomas III, FCC Beaumont;
Mr. ClintonnSonnier, Medical Director, FCC Beaumont;
WellPath LLC/Medical League Concepts Inc.;
    Defendant(s)

## AMENDMENT INTENTION

I, Vernon Ray Stiff, intend to Amend my claim filed June 2, 2025 and do not wish to change anything else that has been filed. However, I am concerned that I have not heard anything about my Informa Pauperis. If there is anything that I need to do, please inform me as soon as possible as I am not an attorney and am representing myself in pro se. Thank you.

I hereby declare that all statements herein are true under penalty of perjury.

Respectfully submitted,

Vernon Ray Stiff

Date: 9-30-25

Vernon Roy Stiff #33655127

Name:
Number:
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509

CLERK, U.S. DISTRICT COURT
RECEIVED
OCT 1 0 2025
EASTERN DISTRICT OF TEXAS
LUFKIN, TEXAS

TO: Clerk of The Court
United States District Court
Eastern District of Texas
104 North Third Street
Lufkin, Texas, 75901

Official Bussiness